UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL C. CANADY,

    Petitioner,

v.                                                                  CASE NO: 8:04-CV-0677-T-30EAJ

DUFFY HARRISON, Warden, et al.,

    Respondents.
_____/

# ORDER

THIS CAUSE is before the Court upon Petitioner's pro se application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, (Dkt. #1), Respondent's Response (Dkt. #7), and Petitioner's Reply (Dkt. 8). The matter is now before the Court for consideration on the merits.

## BACKGROUND

Michael C. Canady ("Petitioner") pled guilty to Delivery of Cocaine (Count One), Possession of Cocaine (Count Two), Possession with intent to Deliver Cocaine (Count Three), Possession of Cannabis with intent to Deliver (Count Four), and two counts of Obstructing an Officer with Violence (Counts Five and Six). He pled guilty on March 12, 1997, pursuant a plea agreement and was sentenced as follows:

Count One: 25 years imprisonment (suspended), followed by two years community control, and two years probation, to run concurrently with Counts 2-6.

Count Two: five years imprisonment (suspended), followed by two years probation concurrent with counts 1, 3-6.

Count Three: five years imprisonment (suspended), placed on two years community control followed by two years probation, concurrent with counts 1, 2, 4-6.

Count Four: five years imprisonment (suspended), placed on two years community control followed by two years probation, concurrent with counts 1-3, 5, 6.

Count Five: 10 years imprisonment (suspended), placed on two years community control followed by two years probation, concurrent with counts 1-4, 6.

Count Six: 10 years imprisonment (suspended), placed on two years community control followed by two years probation, concurrent with counts 1-5.

On July 20, 2000, Petitioner was charged with violating Condition Five of his probation (live and remain at liberty without violating the law) for possession of marijuana and possession of a firearm. A revocation hearing was held on October 6, 2000, at which Petitioner was found guilty of violating probation. Petitioner's probation was revoked and he was sentenced to 25 years on Count One as an habitual offender, 10 years on Counts Five and Six, and time served on Counts Two, Three, and Four. On Count One, the court suspended ten years of the sentence and placed Petitioner on ten years probation.

Petitioner filed his Notice of Appeal on October 10, 2000. On direct appeal, the assistant public defender representing Petitioner filed an Anders brief, pursuant to Anders v. California, 386 U.S. 738 (1967), on April 17, 2001. The State of Florida filed an Anders answer brief on May 30, 2000. On April 18, 2001, the appellate court entered an order

granting appellant 30 days to file a pro se brief. On June 14, 2001, appellant filed his pro se brief to which the State answered. The State Second District Court of Appeal affirmed Petitioner's conviction Per Curiam and issued a mandate January 22, 2002. See Canady v. State, 801 So.2d 931 (Fla. Dist. Ct. App. 2001).

On January 30, 2003, Petitioner filed a Motion seeking Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court entered an Order Denying Motion for Postconviction Relief on July 15, 2003. Petitioner filed a notice of appeal on August 14, 2003 and the Second District Court of Appeal affirmed the ruling of the trial court on March 10, 2004. This ruling became final with the issuance of the Mandate on April 5, 2004. See Canady v. State, 871 So. 2d 220 (Fla. Dist. Ct. App. 2004).

Petitioner previously filed a Petition for a Writ of Habeas Corpus in this Court for the conviction for the offense that also gave rise to the revocation probation. In that petition, Petitioner alleged ineffective assistance of counsel because Counsel was not prepared and presented an inadequate defense, Counsel failed to call witnesses as requested by Petitioner, Counsel failed to file a motion to suppress the consent to search/waiver of search warrant where Petitioner's signature was forged, and Counsel failed to file a motion to suppress illegally seized evidence. This Court denied that petition and the Eleventh Circuit affirmed. See Canady v. Harrison, 188 Fed. Appx. 951 (11th Cir. 2006).

Petitioner has now timely filed a second §2254 petition with regard to the probation revocation asserting:

1. Petitioner's trial counsel was ineffective because Counsel failed to investigate, prepare and present an adequate defense on behalf of petitioner;

2. Petitioner's trial counsel was ineffective because Counsel failed to suppress the consent to search/waiver of search warrant where the Petitioner's signature was clearly forged on the document;

3. Petitioner's trial counsel was ineffective because Counsel failed to file a motion to suppress the illegally seized evidence;

4. Petitioner was denied his rights in the Fifth and Fourteenth Amendments in the United States Constitution, when the trial court allowed the petitioner's revocation hearing to take place and revoked the petitioner's probation without any evidence or scientific proof being presented, other than the hearsay testimony of the state's witnesses; and

5. Petitioner was denied his rights in the Fifth and Fourteenth Amendments in the Unites States Constitution, when the court revoked the petitioner's probation on a charge that was nolle prossed by the state.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a

state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792(2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dept. of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof.

**EVIDENTIARY HEARING**

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "allege facts that, if proved at the hearing, would entitle petitioner to relief." Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). For reasons discussed below, an evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). See Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

**DISCUSSION**

**I. Ineffective Assistance of Counsel at Original Trial (Grounds One, Two, and Three)**

Petitioner claims his counsel was ineffective at his initial trial because Counsel presented an inadequate defense, failed to move to suppress the consent to search document on which Petitioner's signature was forged, and failed to move to suppress illegally seized evidence. All of these claims refer to Petitioner's original trial and conviction in 1997. These claims, therefore, are not properly brought in this petition for habeas corpus relating to probation revocation in October 2000.

Moreover, Petitioner brought essentially these same grounds on his previous petition and they were denied by this court and affirmed by the Eleventh Circuit Court. See Canady, 188 Fed. Appx. 951.

## II.     Minimum Requirements of Due Process (Ground Four)

Petitioner contends that the trial court at the revocation hearing did not comply with the minimum requirements of due process. Specifically, he claims that he was entitled to production of the physical evidence against him at the hearing.

The Supreme Court clearly established the essential elements of due process required at a revocation hearing. Morrissey v. Brewer, 408 U.S. 471 (1972).

> "They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

Id. at 489. The Supreme Court extended these requirements to probation revocation hearings in Gagnon v. Scarpelli, 411 U.S. 471 (1973).

Petitioner is asking for production of the physical evidence at the hearing. All that is required, however, is disclosure of the evidence. Id. at 786; United States v. Bare, 144 Fed. Appx. 38 (11th Cir. 2005). The Supreme Court has made it clear that revocation hearings are not criminal trials and they do not need to follow the same rules of evidence. Morrissey at 489. Therefore, Petitioner has failed to establish that his revocation hearing did not meet the requirements of due process.

**III.     Probation Revoked on a Charge that was Nolle Prossed (Ground Five)**

Petitioner argues that he was denied due process because his probation was revoked on a charge that was nolle prossed by the state subsequent to the revocation hearing. He claims that under Florida law, a probationer cannot be found guilty of violating probation on a charge that was nolle prossed, overturned, or dismissed.

Under Florida law, "formal conviction of a crime is not essential to enable the judge to revoke an order of probation." Bernhardt v. State, 288 So. 2d 490 (Fla. 1974). Due process requires only that the court follow the minimum requirements as set out in Morrissey, 408 U.S. at 488-489. As long as those elements were met, the question of whether or not Petitioner was guilty of violating probation is an issue for the state. Id. at 488.

Here, the state court met all the required elements of due process. Petitioner received written notice of the probation violations. (Ex. 5) A hearing was held in state trial court at which Petitioner was given an opportunity to be heard and confront and cross examine witnesses. (Ex. 6) The evidence against Petitioner was disclosed to him. (Ex. 6) The hearing was before a neutral and detached hearing body; in this case, a state circuit court judge. (Ex. 6) Petitioner was provided with a written statement of the judgment and sentence. (Ex. 7)

Petitioner has failed to demonstrate how he was denied due process. Ground Five is, therefore, without merit.

It is therefore **ORDERED** and **ADJUDGED** that:

1.     The petition for writ of habeas corpus (Dkt. #1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2004\06-cv-677.deny 2254.frm